# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| CHERY BOGACKI, as Representative of the Estate of GEORGE BOGACKI, Individually and on Behalf of All Others Similarly Situated, | Case No.: 18-cv-1254 <br><br> **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | **Jury Trial Demanded** |
| RETRIEVAL-MASTERS CREDITORS BUREAU INC., | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cheryl Bogacki is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). She is the surviving spouse of George Bogacki ("Bogacki").

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Retrieval-Masters Creditors Bureau, Inc. ("RMCB") is a debt collection agency with its principal place of business located at 4 Westchester Plaza, Suite 11, Elmsford, New York 10523.

6. RMCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. RMCB is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. RMCB is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or about September 26, 2017, RMCB mailed a debt collection letter to Bogacki regarding an alleged debt, allegedly owed to "RODALE." A copy of this letter is attached to this complaint as Exhibit A.

10. The alleged debt referenced in Exhibit A was incurred for personal, family or household purposes, namely the purchase of personal health-improvement products.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Bogacki inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by RMCB to attempt to collect alleged debts.

13. Exhibit A contains the following:

> Several weeks ago you were sent a letter regarding your past due account with our client, **RODALE**, for the purchase of **HEAL YOUR WHOLE BODY (DIRECT)**.

. . .

> Your name and account has already been reported by our client to Alliant, a consumer reporting agency utilized by direct marketing companies.
>
> Our client insists on being paid for your purchase of **HEAL YOUR WHOLE BODY (DIRECT)**. Your payment of **$47.94** is expected no later than **10/31/17**. Please be sure to include the bottom portion of this letter with your payment. You can pay your account by check or credit card using the stub below.
>
> . . .
>
> Your Account #: ▇▇▇▇5659
> Order #: ▇▇▇▇0001
> Previous Amount: $47.94
> Payments: $0.00
> Balance Due: $47.94
> Due Date: 10/31/17

Exhibit A.

14. Taken together, the representations that the account is "past due," "has already been reported by our client to Alliant, a consumer reporting agency," and has a "Due Date" approximately after Exhibit A was mailed, are false, deceptive, misleading, and confusing to the unsophisticated consumer.

15. The unsophisticated consumer would understand the representations that the account "has already been reported" alongside the representation that the account has a "Due Date" of October 31, 2017 to mean that the account was being reported as a current account, or a past due account that had not yet been referred to a collection agency. *See, e.g.,* TransUnion "TransUnion Credit Report User Guide," (2015), available at https://www.transunion.com/resources/transunion/doc/compliance-and-legislative-updates/HowToReadCreditReport.pdf (accessed June 26, 2018) (MOP (Current Manner of Payment) Code 01 for "pays as agreed" (*i.e.,* current accounts), Codes 02-05 for accounts based on number of days "past the due date" (*i.e.,* past due but not yet in collections), and Code 09B for "Collection account" (*i.e.,* in collections)).

3

16. The unsophisticated consumer would understand the representations that the "Due Date" is October 31, 2017, and that payment "is expected no later than [the Due Date]" to be an offer that he could avoid having the account reported as a past-due collections account by paying on or before the "Due Date" stated in Exhibit A. *See, e.g., Johnson v. Enhanced Recovery Co., LLC*, 228 F. Supp. 3d 870, 875-76 (N.D. Ind. Jan. 17, 2017).

17. Upon information and belief, at the time Exhibit A was mailed, the creditor was already reporting the alleged debt referenced in Exhibit A as a past-due collections account.

18. Negative items, such as delinquent accounts, both lower a consumer's credit score and generally remain on the consumer's "credit report" for seven years.

19. Misrepresenting whether a debt has been reported, or how the account is being reported, is a material misrepresentation because it makes it impossible for debtors to prioritize payment of their debts. *E.g., Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 748 (E.D. Mich. July 12, 2017); *Lox v. CDA, Ltd.*, 689 F.3d 818, 827 (7th Cir. 2012).

20. A false statement that a consumer can avoid having an alleged debt reported as a negative collections item on his account is materially misleading to the consumer. *See, Johnson*, 228 F. Supp. 3d at 878 ("By offering (or appearing to offer) a consumer a way to keep one delinquency off her credit report, a debt collector might get itself bumped to the top of her list of payments to make. That makes the offer material, assuming Johnson proves there was an offer.").

21. Bogacki was confused and misled by Exhibit A.

22. The unsophisticated consumer would be confused and misled by Exhibit A.

23. Bogacki had to spend time and money investigating Exhibit A.

4

24. Bogacki had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

### *The FDCPA*

25. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) (" 'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.' ") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med.*

5

*Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28.     15 U.S.C. § 1692e(2)(A) specifically prohibits "the false representation of---the character, amount, or legal status of any debt."

29.     15 U.S.C. § 1692e(8) specifically prohibits "the false representation of---the character, amount, or legal status of any debt."

30.     15 U.S.C. § 1692e(10) specifically prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

31.     15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I -- FDCPA

32.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33.     <u>Exhibit A</u> states that the account "has already been reported" but also states that payment is "due" more than a month after <u>Exhibit A</u> was mailed.

7

34. Upon information and belief, when <u>Exhibit A</u> was mailed, the account was already being reported as a past-due collection account, and paying the account prior to the due date would not have prevented it from being reported as a past-due collection item.

35. <u>Exhibit A</u> contains false, deceptive, misleading, confusing, and contradictory representations as to the legal status of the account, and how the account is being reported to consumer reporting agencies.

36. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692f.

## **CLASS ALLEGATIONS**

37. Plaintiff brings this action on behalf of a class.

38. The Class is defined as (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form of <u>Exhibit A</u> by Defendant that sought to collect an alleged debt, (c) allegedly incurred for personal, family or household purposes, (d) where the letter was mailed between August 14, 2017 and August 14, 2018, inclusive, (g) and was not returned by the postal service.

39. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

40. Plaintiff's claims are typical of the claims of the members of the Class. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

## RPMYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 14, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com